**NOT FOR PUBLICATION**

```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

FUQUAN CRAFT,                  :
                               :    Civil Action No. 10-1019 (JAP)
            Plaintiff,         :
                               :
         v.                    :         **O P I N I O N**
                               :
YORK PHOTO LABS, et al.,       :
                               :
            Defendants.        :

**APPEARANCES:**

    Fuquan Craft, <u>Pro</u> <u>Se</u>
    # 407381
    New Jersey State Prison
    P.O. Box 861
    Trenton, NJ 08625

**PISANO**, District Judge

    Plaintiff Fuquan Craft, currently confined at the New Jersey State Prison in Trenton, New Jersey, seeks to bring this action <u>in</u> <u>forma</u> <u>pauperis</u>, alleging violations of his rights. Plaintiff submitted a complete IFP application with his six-month prison account statement. Because it appears that plaintiff qualifies to proceed IFP, the Court will grant plaintiff's application to proceed as an indigent and will direct the Clerk of the Court to file the complaint without prepayment of fees.

    Having reviewed the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary

relief from a defendant who is immune from such relief, the Court concludes that this action should be dismissed.

## BACKGROUND

The following factual allegations are taken from the complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of plaintiff's allegations.

Plaintiff seeks to sue York Photo Labs, located in Maryland, and Debbie Armstrong, a customer service representative for York Photo Labs, also located in Maryland.  He states that on October 14, 2009, he mailed three photographs of himself to York Photo Labs, and requested ten copies of each.  He also sent a check to the company for $7.00 for the copies.  In three instances since then, plaintiff wrote letters to York about the whereabouts of his three original photographs and copies.  Plaintiff put a trace on the check and found out that it was cashed, however, he has not received the original or copies of the photographs.  He was told by customer service that they never got the order, even though the check was cashed by York Photo Labs.

Plaintiff asks for $1,350.00 to compensate him for the three original photographs as well as the filing fee for this case.  He asserts jurisdiction under 42 U.S.C. § 1983.

**DISCUSSION**

**A.      Standard for Sua Sponte Dismissal**

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This action is subject to sua sponte screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, because plaintiff is a prisoner and is proceeding as an indigent.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower

Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

Recently, the Supreme Court refined this standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).[1] Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See id. at 1948. The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. See id. at 1949-50; see also

---

[1] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct. No technical form is required." Fed. R. Civ. P. 8(d).

Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203, 2009 WL 2501662, *4 (3d Cir., Aug. 18, 2009).

**B.   Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.   Plaintiff's Complaint Must Be Dismissed for Lack of Jurisdiction.**

1.   § 1983 Jurisdiction

In this case, defendant York Photo Labs and Debbie Armstrong are not state actors acting under color of state law.  "Although a private [party] may cause a deprivation of . . . a right, [it] may be subjected to liability under § 1983 only when [it] does so

5

under color of law." Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir.), cert. denied, 516 U.S. 858 (1995) (quoting Flagg Bros., Inc. v. Brooks , 436 U.S. 149, 156 (1978)). The "under color of state law" requirement of 42 U.S.C. § 1983 has been treated identically to the "state action" requirement of the Fourteenth Amendment. See Mark, 51 F.3d at 1141 (citing United States v. Price, 383 U.S. 787, 794 n.7 (1966); Lugar v. Edmondson Oil Co., 457 U.S. 922, 928 (1982); Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982)). A private entity can be sued under § 1983 where (1) it "has exercised powers that are traditionally the exclusive prerogative of the State, Mark, 51 F.3d at 1142; (2) the State and the private party act in concert or jointly to deprive a plaintiff of his rights, Adickes v. S.H. Kress & Co., 398 U.S. 144, 170-171 (1970); (3) the State has permitted a private party to substitute his judgment for that of the State, Cruz v. Donnelly, 727 F.2d 79, 81-82 (3d Cir. 1984); or (4) the private party and the State have a symbiotic relationship as joint participants in the unconstitutional activity, Edmonson v. Leesville Concrete Co., Inc., 500 U.S. 614, 620 (1991); Mark, 51 F.3d at 1143.

Applying these principles to the instant case, plaintiff does not allege any facts indicating that these defendants are state actors or otherwise acted under color of state law. See DeShaney v. Winnebago County Dept. of Social Services, 489 U.S.

189 (1989) (Fourteenth Amendment's "purpose was to protect the people from the State, not to ensure that the State protected them from each other"); <u>Van Ort v. Estate of Stanewich</u>, 92 F.3d 831, 835 (9th Cir. 1996) ("Individuals . . . have no right to be free from infliction of [constitutional] harm by private actors"); <u>Jones v. Arbor, Inc.</u>, 820 F. Supp. 205, 208 (E.D. Pa. 1993) (plaintiff did not allege that defendant corporation was a state actor or had such a symbiotic relationship with the state so as effectively to be an instrumentality of the state). Therefore, any civil rights claims against these defendants will be dismissed with prejudice.

    2.   <u>Diversity Jurisdiction</u>

Liberally construing the complaint, plaintiff also fails to assert diversity jurisdiction over any potential state law claims.  Pursuant to 28 U.S.C. § 1332(a), in order to assert diversity jurisdiction there must be complete diversity between the parties, and the matter in controversy must exceed the sum or value of $75,000.  Here, plaintiff seeks $1,350.00.

Therefore, the Court has no subject matter jurisdiction over any state law claim that may be construed from the complaint against these defendants, pursuant to 28 U.S.C. § 1332(a), and the claims and defendants must be dismissed, without prejudice; to plaintiff filing his claims in the proper state court.

**CONCLUSION**

Therefore, for the reasons expressed above, the Court will dismiss the complaint, and defendants, for lack of jurisdiction under 42 U.S.C. § 1983.  To the extent that plaintiff is alleging state law claims only against defendants, the complaint is also dismissed for lack of subject matter jurisdiction.[2]

An appropriate order accompanies this Opinion.

/s/ Joel A. Pisano_____
JOEL A. PISANO
United States District Judge

Dated: March 5, 2010

---

[2] Pursuant to 28 U.S.C. § 1367(c)(3), where a district court has dismissed all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over a related state law claim.  The Court of Appeals for the Third Circuit has held that, where all federal claims are dismissed before trial, "the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) (citations omitted).  As no such extraordinary circumstances appear to be present, this Court dismisses any potential state law claims, without prejudice.